ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
CHRISTOPHER F. JEU (CABN 247865)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
Fax: (408) 535-5066
christopher.jeu@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE COMMERCIAL COURT OF KYIV CITY, UKRAINE, IN THE MATTER OF GLOBALMONEY LLC V. INTERNATIONAL COMMERCIAL TELEVISION LLC. | MISC. NO.<br><br>**UNITED STATES OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

The United States of America respectfully submits this Memorandum of Law in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from judicial authorities in the Commercial Court of Kyiv City, Ukraine for international judicial assistance to obtain certain information from Meta Platforms, Inc. ("Meta") to learn the identity of the account owner of a Facebook webpage.

---

[1] *In re Letters Rogatory from Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas.").

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT
TO 28 U.S.C. § 1782                                    1

# INTRODUCTION

The request for international judicial assistance comes from the Commercial Court of Kyiv City, Ukraine ("Ukrainian Court"). Specifically, the Ukrainian Court has issued a Letter of Request requesting judicial assistance to obtain information for use in the case captioned *Globalmoney LLC v. International Commercial Television LLC,* Foreign Reference Number 910/14855/21. *See* Declaration of Assistant United States Attorney Christopher F. Jeu ("Jeu Decl."), Ex. 1 (Letter of Request dated December 19, 2022).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Ukrainian Court is adjudicating the case captioned *Globalmoney LLC v. International Commercial Television LLC,* a case in which the plaintiff alleges that defendant, by means of its Facebook page, posted "false information" about plaintiff's business; and the plaintiff claims "damages" including to the "commercial goodwill of the claimant." *Id*. at pg. 2. To help make its determination, the Ukrainian Court requests information identifying the "account owner of the page 'Nadzvychaini Novyny' registered in the Facebook social network (https://www.facebook.com/nnovosti.info)." *Id*. at pg. 3. Meta requires a subpoena to provide the requested information. *See* Jeu Decl., ¶¶ 4-5, Exs. 2 and 3.

The Ukrainian Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of International Judicial Assistance ("OIJA") in Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 ("Hague Evidence Convention").

The request was then transmitted to the U.S. Attorney's Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

# ARGUMENT

## I. THE HAGUE EVIDENCE CONVENTION

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Ukraine. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited Apr. 6, 2023). The Hague Evidence Convention entered into force between the United States and Ukraine on April 1, 2001.

Article 10 of the Hague Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "[t]he judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed," and that "[a] Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties such as the Hague Evidence Convention are the law of the land, are on an equal footing with acts of Congress, and are binding on the courts. *See Republic of Marshall Islands v. United States*, 865 F.3d 1187, 1193 (9th Cir. 2017). *See also Breard v. Greene,* 523 U.S. 371, 376 (1998) (explaining that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (1957)); *Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971); *Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are

"immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)).

## II. STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782. This section states:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). *See also Aérospatiale*, 482 U.S. at 529-31 (providing a brief history of the Hague Evidence Convention). "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., United States v. Sealed 1, Letter of Request for Legal Assistance from the Deputy Prosecutor Gen. of the Russian Fed'n*, 235 F.3d 1200, 1203-05 (9th Cir. 2000) (discussing broadening effect of 1948, 1949, 1964, and 1996 amendments); *In re Request for Assistance from Ministry of Legal Affairs*

*of Trinidad & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Request for Jud. Assistance From Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea* [hereinafter, "*In re Seoul*"]*,* No. 23-mc-80016-BLF, 2023 WL 2394545, at *5 (N.D. Cal. Mar. 7, 2023); *In re Request for Jud. Assistance From Obolonskyi Dist. Ct. in Kyiv, Ukraine* [hereinafter, "*In re Obolonskyi*"], No. 20-mc-80023-JSC, 2020 WL 571032, at *2 (N.D. Cal. Feb. 5, 2020); *In re Request for Jud. Assistance From People's Ct. of Da Nang City in Vietnam in Matter of Dinh v. Nguyen* [hereinafter, "*In re Da Nang City*"], No. 22-mc-80149-JST, 2022 WL 3327923, at *3 (N.D. Cal. Aug. 11, 2022). *See also In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

This Court is authorized to provide assistance to the Ukrainian Court if the three requirements set forth in Section 1782 are met. Those requirements are: (1) the person or document for which discovery is sought "resides or is found" in the district, (2) the discovery is "for use in a proceeding in a foreign or international tribunal," and (3) the application is made "by a foreign or international tribunal" or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). *See* S. Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met.

The first factor is satisfied where the entity from which discovery is sought "resides or is found" in the Northern District of California. *See In re Seoul,* 2023 WL 2394545, at *3 (satisfying first statutory requirement, as "Meta is headquartered in Menlo Park, California"); *In re Obolonskyi*, 2020 WL 571032, at *2 (first statutory met, where discovery was sought from entity based in San Francisco,

California).  In this case, Meta is headquartered within the Northern District of California, *i.e.,* in Menlo Park, California.  *See* Jeu Decl. ¶ 6, Ex. 4.

The second factor is met when the discovery sought is "for use in a proceeding before a foreign or international tribunal."  *See In re Obolonskyi*, 2020 WL 571032, at *2 (second statutory factor met, as "the requested discovery is for use in a civil action pending in a court in the Ukraine"); *In re Seoul,* 2023 WL 2394545, at *3 (second requirement met, where the discovery was sought for a "civil proceeding in a foreign tribunal," *i.e.*, Seoul Central District Court).  Here, the Commercial Court of Kyiv City, Ukraine seeks discovery for use in a civil case regarding a Facebook page that allegedly harmed the goodwill of plaintiff's business, due to supposedly false information posted on Facebook.  *See* Jeu Decl. ¶ 3, Ex. 1.

Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal."  *See In re Obolonskyi*, 2020 WL 571032, at *2 (third statutory requirement met, as "[t]he United States is making the application on behalf of the Ukrainian Court, the foreign tribunal before which the civil action is pending."); *In re Seoul,* 2023 WL 2394545, at *3 (third statutory requirement met by "Letter of Request from a foreign tribunal").  In this case, the Ukrainian court has issued a Letter of Request seeking civil discovery regarding the owner of a Facebook page that allegedly posted false information regarding plaintiff's business.  *See* Jeu Decl. ¶ 3, Ex. 1.  Thus, the Section 1782 statutory factors have been satisfied.

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."  *Intel*, 542 U.S. at 264.  Indeed, Section 1782 affords the district court "substantial discretion to permit or deny the requested discovery."  *Khrapunov*, 931 F.3d at 926 (citing *Intel*, 542 U.S. at 264-65).  *See Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) ("Section 1782 affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals.") (citations omitted).  The

Supreme Court set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;" (2) the "nature of the foreign tribunal, the character of the foreign proceedings underway abroad, and the receptivity of the foreign government or the court . . . to U.S. federal-court judicial assistance;" (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the requested information is "unduly intrusive or burdensome."

*See Intel*, 542 U.S. at 264-65. "In exercising its discretion, the district court should consider the twin aims of the statute: 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *In re Seoul*, 2023 WL 2394545, at *3 (N.D. Cal. Mar. 7, 2023) (citing *Intel*, 542 U.S. at 252). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Germany)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the treaty and the statute envision considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Ukrainian Court.

With respect to the first factor, the entity "from whom discovery is sought" is not a participant in the foreign litigation. *See Intel*, 542 U.S. at 264 ("nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *In re Seoul* ("Meta is not a party or participant in the civil proceeding in the Republic of Korea. This factor therefore weighs in favor of granting the application."); *In re Obolonskyi*, 2020 WL 571032, at *3 (first discretionary factor met, as "CloudFlare is not a party to the Ukrainian action, and therefore discovery regarding its records is unattainable absent Section 1782(a) aid."). In this case, Meta is not a party in the Ukrainian litigation. *See* Jeu Decl. ¶ 3, Ex. 1. Moreover, Meta is presumably not subject to the Ukrainian Court's jurisdiction because it is located in Menlo Park, California. *See* Jeu Decl. ¶ 6, Ex. 4. Thus, the first discretionary factor weighs in favor of granting the application.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Ukrainian Court or the character of the proceedings. *See In re Obolonskyi*, 2020 WL 571032, at *3 ("With respect to the second discretionary factor and the nature and receptivity of the foreign tribunal, the United States represents that the Ukrainian Court has requested assistance in obtaining this discovery."); *See In re Seoul,* 2023 WL 2394545, at *4 ("the Seoul Central District Court requested the information from Meta. . . . This factor weighs in favor of granting the application."). In this case, the Ukrainian Court has requested assistance in obtaining the information from Meta. *See* Jeu Decl. ¶ 3, Ex. 1.

With respect to the third factor, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Ukraine's discovery rules or to thwart policies of either the United States or Ukraine. *See In re Obolonskyi*, 2020 WL 571032, at *3 ("There is nothing to suggest that the request here is an 'attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States.'"); *In re Seoul,* 2023 WL 2394545, at *4 ("the fact that the request comes from the Seoul Central District Court supports that the request is not an attempt to circumvent the Republic of Korea's discovery rules;" further reasoning that "there is nothing to suggest that the request seeks to circumvent any rules in the Republic of Korea."). In this case, the Commercial Court of Kyiv City, Ukraine has made the request for discovery, supporting that the request is not an attempt to circumvent Ukraine's discovery rules or to thwart the policies of the United States or Ukraine. *See* Jeu Decl. ¶ 3, Ex. 1.

And with respect to the fourth factor, the requests seeks information sufficient to identify the owner of a Facebook page and therefore would not be unduly intrusive or burdensome. *See, e.g., London v. Does,* 279 F. App'x 513, 515 (9th Cir. 2008) ("The request is not an attempt to avoid foreign evidence rules, and is not unduly intrusive or burdensome because it seeks to gather only identifying information for the accounts, such as the names and addresses of the users, and not the content of any communication."); *In re Obolonskyi*, 2020 WL 571032, at *3 ("the requested information is not unduly burdensome or intrusive," as "[t]he United States seeks

a written statement from CloudFlare regarding the owner or user of the domain name on behalf of the Ukrainian Court."); *In re Seoul,* 2023 WL 2394545, at *4 (fourth discretionary factor met, as "[t]he subpoena seeks information from Meta about the identified accounts, including names, dates of birth, email addresses, cell phone numbers, and IP addresses," and the "subpoena is narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendants"); *In PM-Int'l AG v. Meta Platforms, Inc.*, No. 22-mc-80290-SVK, 2022 WL 17477093, at *5 (N.D. Cal. Dec. 6, 2022) (authorizing a private party to serve a subpoena on Meta for information about an Instagram account holder who allegedly posted defamatory statements under Japanese law, with certain conditions).  *See also In re Clerici,* 481 F.3d at 1335 (holding that it was the witness's burden to file a motion to limit discovery and, as he had not done so, the Court was not going to address the scope of the request). Therefore, the fourth *Intel* factor weighs in favor of granting the Ukrainian Court's request for judicial assistance.

However, even if the Court determines that the request is too burdensome in part, the request may be trimmed or "blue-penciled" such that it can be at least partially executed.  *Intel Corp.*, 542 U.S. at 265 (noting that unduly intrusive or burdensome requests may be "trimmed" by U.S. courts).

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Ukrainian Court.

## **CONCLUSION**

Attached as Exhibit 5 to the Declaration of AUSA Christopher F. Jeu is the proposed subpoena that this office intends to serve (in substantially similar format) on Meta should the Court grant the Application pursuant to 28 U.S.C. § 1782.  Upon receipt, Meta's response to the subpoena will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Commercial Court of Kyiv City, in Ukraine.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form accompanying this filing, appointing Assistant United States Attorney Christopher F. Jeu Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated:  April 6, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

By:  /s/ Christopher F. Jeu          .
CHRISTOPHER F. JEU
Assistant U.S. Attorney
Attorneys for United States of America