# Exhibit 1

 

**МІНІСТЕРСТВО ЮСТИЦІЇ**
**УКРАЇНИ**
Мін'юст
вул. Архітектора Городецького, 13, м.
Київ, 01001
тел.: (044) 364-23-93, факс: (044) 271-17-83
E-mail: callcentre@minjust.gov.ua,
themis@minjust.gov.ua,
Web: http://www.minjust.gov.ua,
код згідно з ЄДРПОУ 00015622

**Office of International Judicial**
**Assistance**
**U.S. Department of Justice**
**1100 L Street, NW, Room 8102**
**Washington, D.C. 20005**
**United States of America**

**12-1177-22**

*RE: Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters.*

Under the above-mentioned Convention, please, find enclosed the court request to obtain information and documents concerning **Meta Platforms, Inc**.

Please, inform our Ministry on results of consideration of the request referring to our number 12-1177-22.

Please, be informed that for the period of quarantine the letters of our Ministry are performed in e-form and signed with the qualified electronic signature, which by its legal validity is equivalent to the handwritten signature according to the Law of Ukraine «On Electronic Trust Services».

Enclosure: on 17 pages.

**Deputy Head of the**
**International Legal Assistance**
**in Civil Matters Unit of the**
**International Law Directorate**                    **Tetyana Ryabets**





CIV 189-287-23-2
Dec 19, 2022



СЕД АСКОД
Міністерство юстиції України
№ 105302/130718-22-22/12.3.1 від 10.11.2022
Підписувач Рябець Тетяна Володимирівна
Сертифікат 58E2D9E7F900307B04000000B28A2F003EC3A500
Дійсний з 12.07.2022 3:39:00 по 11.07.2023 3:39:00

/coat of arms of Ukraine/

## COMMERCIAL COURT OF KYIV CITY

01054, Kyiv city, B. Khmelnytskoho Street, 44-V, phone (044) 284-18-98. e-mail: inbox@ki.arbitr.gov.ua

**REQUEST**
for international legal assistance

pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

| | | |
|---|---|---|
| 1 | Sender | Commercial Court of Kyiv City<br>44-V, B. Khmelnytskoho st., Kyiv, 01054, Ukraine<br>(name and address) |
| 2 | Central Authority of the Requested State | Office of International Judicial Assistance U.S.<br>Department of Justice<br>(1100 L Street, NW, Room 8102 Washington,<br>D.C. 20005 United States of America)<br>(name and address) |
| 3 | Person to whom the executed request is to be returned | Commercial Court of Kyiv City<br>44-V, B. Khmelnytskoho st., Kyiv, 01054, Ukraine<br>(full name and address) |
| 4 | Specification of the date by which the requesting authority requires receipt of the response to the Request | |
| | Date | — |
| | Reason for urgency | — |
| | IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST: | |
| 5 a | Requesting judicial authority (article 3,a) | Commercial Court of Kyiv City<br>44-V, B. Khmelnytskoho st., Kyiv, 01054, Ukraine<br>(name and address) |
| b | to the competent authority of (article 3,a) | The United States of America<br>Office of International Judicial Assistance U.S.<br>Department of Justice<br>(1100 L Street, NW, Room 8102 Washington,<br>D.C. 20005 United States of America)<br>(requested state) |
| c | Name of the case and any identifying number | No. 910/14855/21 |
| 6 | Names and addresses of the parties and their representatives (including representatives in the requested State) (article 3.b) | |
| a | Plaintiff | Globalmoney Limited Liability Company<br>(Ukraine, 01103, Kyiv, Druzhby Narodiv Boulevard, building 28-V) |
| | Representatives | — |
| b | Defendant | International Commercial Television (ICTV) Limited Liability Company<br>Ukraine, 01033, Kyiv, Pankivska Street, building 11 |
| | Representatives | — |
| c | Other parties | Meta Platforms, Inc. 1601 Willow Road, Menlo Park, CA 94025, United States of America |
| | Representatives | — |
| 7 a | Nature of the proceedings (article 3,c) | Protection of personal non-property right to inviolability of business reputation and refutation of false information |
| b | Summary of complaint | To recognize the information distributed by International Commercial Television (ICTV) Limited Liability Company (USREOU code 14323764) in the Internet and in social network Facebook on the use of e-wallets GlobalMoney for sale of drugs as untrue and violating personal non-property right to inviolability of business reputation; to oblige the defendant to refute such information. |
| c | Summary of defense and counterclaim | The defendant denies ownership of the web resources (website and Facebook page) where the disputed information is posted |
| d* | Other necessary information or documents | |
| 8 a | Evidence to be obtained or other judicial act to be performed (article 3.d) | The subject of proof in the commercial case №910/14855/21 includes the issue of the defendant's ownership of the Facebook page "Nadzvychaini |

| | | https://www.facebook.com/nnovosti.info, where the information that the plaintiff requests to be declared unreliable and refuted was posted. In this regard, it is necessary to request evidence from Meta Platforms, Inc. (address: 1601 Willow Road, Menlo Park, CA 94025, United States of America) as the owner of the social network "Facebook". as follows: information about the owner of the account of the page "Nadzvychaini Novyny" registered in the social network "Facebook" (https://www.facebook.com/nnovosti.info) (indicating the full name, full residential or location address, contact information of such person). both as of 30.03.2021 and as of the current date. |
|---|---|---|
| b | Purpose of the evidence or judicial ant sought | To be attached to case materials No. 910/14855/21 |
| 9* | Identity and address of any person to be examined (article 3.e) | — |
| 10* | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3.f) | — *(or note: "ref. attached list")* |
| 11* | Documents or other property to be inspected (article 3.g) | — |
| 12* | Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3.h) | — |
| 13* | Special methods or procedure to be followed (articles 3.i and 9) | — |
| 14* | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7) | — |
| 15* | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Request (article 8) | — |
| 16* | Specification of privilege or duty to refuse to give evidence under the law of Ukraine (article 11.b) | — *(a copy of the relevant legal provisions should be attached)* |
| 17* | The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by: | — *(person's data and address)* |
| | DATE OF REQUEST | June 22, 2022 |
| | SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | Judge of the Commercial Court of Kyiv City Yulia SMYRNOVA |

Seal: Commercial Court of Kyiv City * Identification code 05379487 * Ukraine

Skip if inappropriate.
* Cross out if inappropriate.

Bar-code*1*10228598*1*0*

*Цей переклад з української мови на англійську мову виконаний мною, перекладачем,*
*Колодяжною Марією Сергіївною*

Місто Київ, Україна, двадцять другого вересня дві тисячі двадцять другого року.

Я, **КОНОВАЛОВА В.М,** приватний нотаріус Київського міського нотаріального округу засвідчую справжність підпису перекладача Колодяжної Марії Сергіївни, який зроблено в мой присутності.

Особу перекладача встановлено, дієздатність та кваліфікацію перевірено.

Зареєстровано в реєстрі за № 330

**ПРИВАТНИЙ НОТАРІУС**                                    **В.М. Коновалова**

/coat of arms of Ukraine/

COMMERCIAL COURT OF KYIV CITY
01054, Kyiv city, B. Khmelnytskoho street, 44-V, phone (044) 284-18-98, e-mail: inbox@ki.arbitr.gov.ua

**RULING**
Kyiv city

22.06.2022                                                    **Case No. 910/14855/21**

**based on the claim of**      Globalmoney Limited Liability Company
**to**                                      International Commercial Television (ICTV) Limited Liability
                                               Company
**regarding**                         protection of personal nonproperty rights to inviolability of
                                               commercial goodwill and refutation of false information

                                                                                **Judge Smyrnova Y. M.**

**Representatives of the parties to the case:**
**on behalf of the claimant**    Laitarenko O. V.
**on behalf of the defendant**   Andrusiak I. P.

### CIRCUMSTANCES OF THE CASE:

Globalmoney Limited Liability Company appealed to the Commercial Court of Kyiv city with a claim against International Commercial Television (ICTV) Limited Liability Company, in which it asks the court:

- to recognize as unreliable and violating the personal non-property right to inviolability of the commercial goodwill of Globalmoney Limited Liability Company (USREOU code 36425142), information distributed by International Commercial Television International Commercial Television (ICTV) Limited Liability Company (USREOU code 14323764) online on the Website "Nadzvychaini Novyny" at: https://nnovosti.mfo/news/ponad_700_internet_resursiv_zhurnalisti_proveli_rozsliduvannja_sch odo_rozpovsjudzhennja_narkotikiv_video-59462.html  and on the page "Nadzvychaini Novyny" in Facebook social network at: https://www.facebookcom/watch/?v=786644622283921 in the publication (video) dated 30/03/2021 and entitled "More Than 700 Internet Resources: Journalists Pursued Investigation Concerning Drug Distribution (Video)";

- to oblige International Commercial Television International Commercial Television (ICTV) Limited Liability Company (USREOU code 14323764) no later than the next day after the court ruling in this case becoming final, to refute false information on the Globalmoney Limited Liability Company (USREOU code 36425142), which was distributed online in a publication (video) of 30.03.2021 called "More Than 700 Internet Resources: Journalists Pursued Investigation Concerning Drug Distribution (Video)", posted on the Website "Nadzvychaini Novyny" at: https://nnovosti.info/news/ponad_700_internet_resursiv_zhurnalisti_proveli_rozsliduvan nja_schodo_rozpovsjudzhennja_narkotikiv_video-59462.html and on the page "Nadzvychaini Novyny" in Facebook social network at: https://www.facebook.com/watch/?v=786644622283921, by posting on the Internet, namely: on the main page of the Website "https://nnovosti.info/» and on the Facebook page at: https://www.facebook.com/nnovosti.info/ the full text of the court ruling in this case, while not allowing its own comments, with the provision of free access to the refutation without the requirement to enter passwords and/or access codes, etc., under the heading: "Refutation as False Information About Globalmoney Limited Liability Company (GlobalMoney), Covered

2

(Distributed) by International Commercial Television International Commercial Television (ICTV) Limited Liability Company on the Website "https://nnovosti.info/» and on the Facebook Page at: "https://www.facebook.com/nnovosti.info/ on 30.03.2021", which (title) must be made in the same font as the title of the above publication;

- to oblige International Commercial Television International Commercial Television (ICTV) Limited Liability Company (USREOU code 14323764) no later than the next day after the court ruling in this case becoming final, to delete the publication (video) dated 30.03.2021 and entitled "More Than 700 Internet Resources: Journalists Pursued Investigation Concerning Drug Distribution (Video)", posted online on the Website "Nadzvychaini Novyny" at: https://nnovosti.info/news/ponad_700_internet_resursiv_zhurnalisti_proveli_rozsliduvannja_sch odo_rozpovsjudzhennja_narkotikiv_video-59462.html and on the page "Nadzvychaini Novyny" in Facebook social network at: https://www.facebook.com/watch/?v:=786644622283921.

According to the claimant in the statement of claim, false information distributed by the defendant in a controversial publication (video) about the claimant, which is set out in an affirmative form (regarding the use of GlobalMoney electronic wallets for the sale of narcotic drugs), damages the commercial goodwill of the claimant, causing a negative assessment of visitors to the Website of the editorial office "Nadzvychaini Novyny" and the corresponding page in Facebook social network about the claimant's economic activities, creates a public belief in the illegality of the claimant's actions and its involvement in criminal activities, the consequence of which is a decrease in the claimant's prestige and formation in the public space, among the existing and potential customers of a negative attitude to the activities of Globalmoney Limited Liability Company and its electronic payment system GlobalMoney, which may negatively affect the results of the economic activities of Globalmoney Limited Liability Company and cause significant losses to the claimant.

By the ruling of the Commercial Court of Kyiv city dated 17.09.2021 on the basis of Article 174 of the Commercial Procedure Code of Ukraine, the statement of claim of Globalmoney Limited Liability Company was left without movement.

The claimant eliminated the shortcomings of the statement of claim within the time period established by the court.

By the ruling of the Commercial Court of Kyiv city dated 04.10.2021, proceedings were opened in case No. 910/14855/21, the case was decided to be considered according to the rules of general claim proceedings, the preparatory hearing on the case was scheduled for 03.11.2021.

On 20.10.2021 a response to the statement of claim was received from the defendant, in which the defendant objects to the satisfaction of the claim.

In the preparatory meeting on 03.11.2021, a break was announced until 02.12.2021.

On 02.12.2021 the claimant filed a response to the reply.

In the preparatory meeting of 02.12.2021, the court issued a protocol decision to extend the period of preparatory proceedings in the case for 30 days and announced a break in the preparatory meeting until 12.01.2022.

On 28.12.2021 the defendant sent objections to the response to the review.

In the preparatory meeting on 12.01.2022, a break was announced until 23.02.2022.

In the preparatory meeting on 23.02.2022, the claimant's representative filed a motion to call evidence.

In the preparatory meeting on 23.02.2022, a break was announced until 03.03.2022.

Due to the military aggression of the Russian Federation against Ukraine and the introduction of martial law in Ukraine, the court session scheduled for 03.03.2022 did not take place.

By the ruling of the Commercial Court of Kyiv city dated 26.04.2022, the parties to the case were informed about the recognition of the preparatory meeting in the case on 22.06.2022.

In the preparatory meeting on 22.06.2022, the claimant's representative supported the previously submitted request for requesting evidence.

In the specified petition, the claimant asks:

3

1) to request from PDR Ltd (Public Domain Registry) (address: 501, IT Building No 3, NESCO IT Park, NESCO Complex, Western Express Highway, Goregaon (East), Mumbai - 400063, Maharashtra, India):
- information on the registrant (owner) of the domain name https://nnovosti.info (indicating the full name or title, full residential address or location, contact information of the registrant) as of 30.03.2021;
- information on the registrant (owner) of the domain name https://nnovosti.info (indicating the full name or title, full residential address or location, contact information of the registrant) as of the current date;
- information on the transfer of the right to use the domain name by the registrant (owner) https://nnovosti.info to another entity, with the procedure for redelegating the domain name and making an appropriate entry about it in the domain register (indicating the full name or title, the full residential address or location, contact information of the entity to whom/which the right to use the corresponding domain name has been transferred);
2) within the framework of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of 18.03.1970, apply through the Ministry of Justice of Ukraine to the central authority of India, which is authorized to receive court orders from the judicial authorities of other contracting states with a request for international legal assistance (court order) concerning the receipt (reclamation) from the company PDR Ltd (Public Domain Registry) of:
- information on the registrant (owner) of the domain name https://nnovosti.info (indicating the full name or title, full residential address or location, contact information of the registrant) as of 30.03.2021;
- information on the registrant (owner) of the domain name https://nnovosti.info (indicating the full name or title, full residential address or location, contact information of the registrant) as of the current date;
- information on the transfer of the right to use the domain name by the registrant (owner) https://nnovosti.info to another entity, with the procedure for redelegating the domain name and making an appropriate entry about it in the domain register (indicating the full name or title, the full residential address or location, contact information of the entity to whom/which the right to use the corresponding domain name has been transferred);
3) to reclaim from Hetzner Online GmbH (address: Industriestr. 25, 91710 Gunzenhausen, Germany) information on the recipient of hosting services for hosting the software of the Website https://nnovosti.info on a specialized Web service and providing access to it from the Internet, and about the owner of the account used to host the Website https://nnovosti.info on the Internet (with the full name or title, full residential address or location, contact information of this entity), both as of 30.03.2021 and as of the current date;
4) within the framework of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of 18.03.1970, to apply through the Ministry of Justice of Ukraine to the central authority of Germany (the state of Bavaria), which is authorized to receive court orders from the judicial authorities of other contracting states with a request for international legal assistance (court order) concerning the receipt (reclamation) from Hetzner Online GmbH information on the recipient of hosting services for hosting the software of the Website https://nnovosti.info on a specialized web service and providing access to it from the Internet, and about the owner of the account used to host the Website https://nnovosti.info on the Internet (with the full name or title, full residential address or location, contact information of this entity), both as of 30.03.2021 and as of the current date;
5) reclaim from Meta Platforms, Inc. (address: 1601 Willow Road, Menlo Park, CA 94025, United States of America) information on the account owner of the page "Nadzvychaini Novyny" registered in Facebook social network (https://www.facebook.com/nnovosti.info) (indicating the full name or title, full residential address or location, contact information of such entity), both as of 30.03.2021 and as of the current date;
6) within the framework of the Convention on the Taking of Evidence Abroad in Civil or

4

Commercial Matters of 18.03.1970, apply through the Ministry of Justice of Ukraine to the central authority of the United States of America, which is authorized to receive court orders from the judicial authorities of other contracting states with a request for international legal assistance (court order) concerning the receipt (reclamation) from Meta Platforms, Inc. Information on the owner of the account registered in Facebook social network of page "Nadzvychaini Novyny" (https://www.facebook.com/nnovosti.info) (indicating the full name or title, full residential address or location, contact information of such entity), both as of 30.03.2021 and as of the current date;

7) suspend the proceedings until the court receives responses to requests for international legal assistance (court orders).

Herewith, in the petition, the claimant asks to recognize as valid the reasons for non-submission to the court (together with the statement of claim) of this petition and restore the deadline for its submission.

The defendant denies the petition filed by the claimant.

According to Article 81 of the Commercial Procedure Code of Ukraine, at impossibility to provide evidence independently, a party to the case is entitled to file a petition for requesting evidence by the court. Such a request must be submitted within the time period specified in Parts 2 and 3 of Article 80 of this Code. If such a request is submitted without missing the established deadline, the court leaves it without satisfaction, except in the case when a party filing it justifies the impossibility of submitting it within the established time limit for reasons beyond its control.

Part 3 of Article 80 of the Commercial Procedure Code of Ukraine stipulates that the defendant, the third party who does not make independent claims regarding the subject matter of the dispute, must submit evidence to the court together with the submission of a review or written explanations of a third party.

According to Part 1 of Article 119 of the Commercial Procedure Code of Ukraine, the court, at the request of a party to the case, resumes the missed procedural term established by law, if it recognizes the reasons for its omission as valid, except in cases where this Code establishes the impossibility of such renewal.

The claimant notes that in this case, the valid reasons for not filing a petition together with filing a statement of claim in court are the fact that the relevant circumstances (objections on the part of the defendant regarding the ownership of the relevant web resources) have already arisen after the claimant's application with this claim to the court (taking into account the position formulated by International Commercial Television International Commercial Television (ICTV) Limited Liability Company in its response).

With regard of the claimant's arguments given in the claim, the court recognizes the time limit for filing a request for requesting evidence as such, missed by Globalmoney Limited Liability Company for good reasons, and therefore the claimant's request to restore the time limit for filing a request for requesting evidence is subject to satisfaction.

In support of the application for requesting evidence, the claimant notes that such evidence can confirm the circumstances regarding the ownership of the Website https://nnovosti.info and the Facebook page "Nadzvychaini Novyny", which is available online at: https://www.facebook.com/nnovosti.info, exactly to the defendant.

From the content of the report available in the case of the Subsidiary Enterprise "Centre of Competence of the Internet Address Space" of the Consortium "Ukrainian Support Centre of Numbers and Addresses" No.342/2021-3B dated 06.09.2021 on the results of the recording and research of the content of a web page on the internet, it follows that the registrar of the domain name https://nnovosti.info is PDR Ltd (Public Domain Registry), and the hosting service provider (hosting provider) of the Website https://nnovosti.info is Hetzner Online GmbH.

In addition, as the claimant points out that the owner of the social network "Facebook", in accordance with publicly available open data published online, is Meta Platforms, Inc.

The claimant notes that with the purpose to duly protect the claimant's rights and legitimate interests, the lawyer of "Legal and Commercial Security" JSC Oleksii Laitarenko

5

appealed to the above-mentioned companies with lawyer requests to provide information, in particular, on the registrant of the domain name https://nnovosti.info, the recipient of hosting services, and the account owner of the page "Nadzvychaini Novyny" registered in Facebook social network, but there no responses to lawyer requests were received.

In this regard, the claimant points out that there are grounds for requesting relevant evidence on the basis of Article 81 of the Commercial Procedure Code of Ukraine.

Having considered the claimant's request for reclaiming evidence, having heard explanations from representatives of the parties on this issue, the court concluded that taking into account the subject matter and grounds of the claims, the claimant's request for reclaiming evidence is justified, meets the requirements of Article 81 of the Commercial Procedure Code of Ukraine, and therefore is subject to satisfaction.

Herewith, the court notes that PDR Ltd (Public Domain Registry), Hetzner Online GmbH and Meta Platforms are foreign legal entities, located in India, Germany and the United States of America, respectively.

According to Part 1, 2 of Article 367 of the Commercial Procedure Code of Ukraine, if in the process of considering a case, an Commercial Court needs to hand over documents, obtain evidence, conduct separate procedural actions on the territory of another state, the Commercial Court may apply with an appropriate court order to a foreign court or other competent authority of a foreign state (hereinafter referred to as the "foreign court") in accordance with the procedure established by this Code or an international treaty, the consent to be bound by which was provided by the Verkhovna Rada of Ukraine.

The court order is sent in accordance with the procedure established by this Code or an international treaty, the consent to be bound by which is granted by the Verkhovna Rada of Ukraine, and if the international treaty is not concluded - to the Ministry of Justice of Ukraine, which sends the order to the Ministry of Foreign Affairs of Ukraine for transmission through diplomatic channels.

The court considers it necessary in the present case to be guided by the provisions of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of 1970 ("the Convention"), to which the states in question have acceded.

Article 1 of the said Convention stipulates that in civil or commercial cases, a judicial authority of a contracting state may, in accordance with the provisions of the law of that state, request the competent authority of the second contracting state to obtain evidence or conduct other procedural actions by sending a court order.

Pursuant to the provisions of Article 2 of the Convention, a contracting State appoints a central authority which undertakes to receive judicial orders from the judicial authorities of another contracting State and to transmit them to the authority competent to execute them. Each state organizes a central body according to its own law. Instructions are sent to the Central Authority of the Execution State without the mediation of any other authority of that state.

Article 3 of the Convention stipulates that a court order shall specify: (a) the requesting authority and the requested authority, if the latter is known to the requesting authority; (b) the names and addresses of the parties to the proceedings and their representatives, if any; (c) the nature of the case for which evidence is required, with all necessary information provided in that regard; (d) evidence to be obtained or other procedural action to be carried out. Where required, the power of attorney shall indicate, inter alia: (e) names and addresses of the persons to be interviewed; (f) questions to be asked to persons in the course of the survey or the statement of facts in connection with which they are to be questioned; (g) documents or other immovable or personal property to be examined; (h) any requirements to obtain explanations under oath or solemn declaration or the use of any other form; (i) any special manner or procedure under Article 9. Instructions should also contain any information necessary for the application of Article 11. Legalization or other similar procedure is not required.

In accordance with Part 1 of Article 4 of the Convention, a court order is drawn up in the language of the requested body or accompanied by a translation into this language. However, the

6

contracting state also accepts instructions in English or French or with a translation into one of these languages, unless it has made a reservation on the basis of Article 33.

The questionnaire of India posted on the official page of The Hague Conference on Private International Law on the Internet (https://www.hcch.net), stated that the authorized body of India is the Ministry of Law and Justice.

Herewith, the questionnaire of this state states that all requests under the Convention must be written in English or accompanied by an English translation.

The questionnaire of Germany posted on the official page of the Hague Conference on private international law on the Internet (https://www.hcch.net), states that letters of request must be sent to the central authority of the land, in which the corresponding appeal must be executed.

The city of Gunzenhausen, where Hetzner Online GmbH is located, is part of the Bavarian State, and therefore the competent authority in this case is the President of the Munich Higher Regional Court (Präsident des Oberlandesgerichts München).

The state questionnaire also states that request letters to be executed in accordance with Chapter I of the Convention must be written in German or accompanied by a translation into that language.

From the questionnaire of the United States of America posted on the official page of The Hague Conference on Private International Law on the Internet (https://www.hcch.net), it is seen that the Office of International Judicial Assistance U.S. Department of Justice is defined as the central body of this state.

With regard of the aforementioned, the court concluded that there were grounds for applying to the competent authorities of India, Germany and the United States of America with court orders to obtain evidence.

According to Paragraph 4 of Part 1 of Article 228 of the Commercial Procedure Code of Ukraine, the court may, at the request of a party to the case, as well as on its own initiative, suspend the proceedings in the case of applying for a court order to provide legal assistance or serving a summons to court or other documents to a foreign court or other competent authority of a foreign state.

According to Paragraph 8 of Part 1 of Article 229 of the Commercial Procedure Code of Ukraine, proceedings on the case are stopped in the case established by paragraph 4, Part 1 of Article 228 of this Code - until a response is received from a foreign court or the other competent authority of a foreign state to a court order to provide legal assistance, serve a summons to court or other documents.

With regard of sending the court orders by the court to the competent authorities of foreign states, the court considers it necessary to suspend the proceedings in case No. 910/14855/21 until responses to the relevant court orders are received.

being governed by Art. 81, 119, 228, 229, 234, 367 of the Commercial Procedure Code of Ukraine, the court

### RULED:

1. To restore the time limit for the claimant for filing a request for reclaiming evidence in case No. 910/14855/21.

2. To satisfy the claimant's request for evidence.

**3. To reclaim from PDR Ltd (Public Domain Registry)** (address: 501, IT Building No 3, NESCO IT Park, NESCO Complex, Western Express Highway, Goregaon (East), Mumbai - 400063, Maharashtra, India):

- information on the registrant (owner) of the domain name https://nnovosti.info (indicating the full name or title, full residential address or location, contact information of the registrant) as of 30.03.2021;

- information on the registrant (owner) of the domain name https://nnovosti.info (indicating the full name or title, full residential address or location, contact information of the registrant) as

7

of the current date;

- information on the transfer of the right to use the domain name by the registrant (owner) https://nnovosti.info to another entity, with the procedure of redelegating the domain name and making an appropriate entry about it in the domain register (indicating the full name or title, the full residential address or location, contact information of the entity to whom/which the right to use the corresponding domain name has been transferred).

4. For executing Clause 3 from this ruling, to apply with a court order to obtain evidence to the authorized body of India - the Ministry of Law.

**5. To request from Hetzner Online GmbH** (address: Industriestr. 25, 91710 Gunzenhausen, Germany) information on the recipient of hosting services for hosting the software of the Website https://nnovosti.info on a specialized web service and providing access to it from the Internet, and about the owner of the account used to host the Website https://nnovosti.info on the Internet (with the full name or title, full residential address or location, contact information of this entity), both as of 30.03.2021 and as of the current date;

6. To comply with Clause 5 of this ruling, apply for a court order to obtain evidence to the authorized body of Germany - President of the Munich Higher Regional Court (Präsident des Oberlandesgerichts München).

7. **To reclaim from Meta Platforms, Inc.** (address: 1601 Willow Road, Menlo Park, CA 94025, United States of America) information on the account owner of the page "Nadzvychaini Novyny" registered in Facebook social network (https://www.facebook.com/nnovosti.info) (indicating the full name or title, full residential address or location, contact information of such entity), both as of 30.03.2021 and as of the current date;

8. To comply with Clause 7 of this ruling, apply for a court order to obtain evidence to the authorized body of the United States of America - The Office of International Judicial Assistance U.S. Department of Justice.

**9. To oblige the claimant to provide the court with a notarized English translation of the following documents:**

- Ruling of the Commercial Court of the Kyiv city dated 22.06.2022 in case No. 910/14855/21 (in triplicate);

- Request for international legal assistance to the authorized body of India - the Ministry of Law (in two copies);

- Request for international legal assistance to the United States of America - The Office of International Judicial Assistance U.S. Department of Justice (in two copies).

**10. To oblige the claimant to provide the court with a notarized German translation of the following documents:**

- Ruling of the Commercial Court of the Kyiv city dated 22.06.2022 in case No. 910/14855/21 (in two copies);

- Request for international legal assistance to the authorized body of Germany - President of the Munich Higher Regional Court (Präsident des Oberlandesgerichts München) (in two copies).

11. To suspend the proceedings in case No. 910/14855/21 until a response is received from the competent authorities of foreign states to court orders.

12. The ruling shall come into force immediately after its announcement and in accordance with Article 256, 257 of the Commercial Procedure Code of Ukraine may be appealed to the Northern Appeal Court of Appeal by filing an appeal directly to the court of appeal within ten days from the date of its proclamation.

**Judge**                          /signature/                          **Y. M. Smyrnova**

Seal: Commercial Court of Kyiv City * Ukraine * Identification code 05379487 * Chancery No. 5
Bar-code *1*10227954*1*0*

Цей переклад з української мови на англійську мову виконаний мною, перекладачем.

Місто Київ, Україна, двадцять другого вересня дві тисячі двадцять другого року.

Я, **КОНОВАЛОВА В.М,** приватний нотаріус Київського міського нотаріального округу засвідчую справжність підпису перекладача Колодяжної Марії Сергіївни, який зроблено в моїй присутності.

Особу перекладача встановлено, дієздатність та кваліфікацію перевірено.

Зареєстровано в реєстрі за № 333

**ПРИВАТНИЙ НОТАРІУС**                                      **В.М. Коновалова**



# ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01054, м.Київ, вул.Б.Хмельницького,44-В, тел. (044) 284-18-98, E-mail: inbox@ki.arbitr.gov.ua

### ЗАПИТ
#### про міжнародну правову допомогу
### REQUEST
#### for international legal assistance

відповідно до Гаазької Конвенції про отримання за кордоном доказів у цивільних або комерційних справах від 18 березня 1970 року
pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

| | | |
|---|---|---|
| 1 | Запитуючий орган<br>Sender | Господарський суд міста Києва<br>вулиця Богдана Хмельницького, 44В, місто Київ, Україна, 01054<br>*(найменування і адреса)* |
| 2 | Центральний орган запитуваної Сторони<br>Central Authority of the Requested State | Office of International Judicial Assistance<br>U.S. Department of Justice<br>1100 L Street, NW, Room 8102<br>Washington, D.C. 20005<br>United States of America<br>*(найменування і адреса)* |
| 3 | Особа, якій необхідно повернути матеріали після виконання Запиту<br>Person to whom the executed request is to be returned | Господарський суд міста Києва<br>вулиця Богдана Хмельницького, 44В, місто Київ, Україна, 01054<br>*(повне ім'я і адреса)* |
| 4 | Визначення дати, до якої запитуючий орган потребує одержати відповідь на Запит<br>Specification of the date by which the requesting authority requires receipt of the response to the Request | |
| | Дата/Date | — |
| | Причини термінової потреби•<br>Reason for urgency | — |
| | ВІДПОВІДНО ДО СТАТТІ 3 КОНВЕНЦІЇ ЗАПИТУЮЧИЙ ОРГАН МАЄ ЧЕСТЬ ЗВЕРНУТИСЯ З ТАКИМ ЗАПИТОМ:<br>IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST: | |
| 5 a | Запитуючий орган (пункт «а» статті 3)<br>Requesting judicial authority (article 3,a) | Господарський суд міста Києва<br>вулиця Богдана Хмельницького, 44В, місто Київ, Україна, 01054<br>*(найменування і адреса)* |
| b | до компетентного органу (пункт «а» статті 3)<br>to the competent authority of (article 3,a) | Сполучені Штати Америки<br>Office of International Judicial Assistance<br>U.S. Department of Justice<br>1100 L Street, NW, Room 8102<br>Washington, D.C. 20005<br>United States of America<br>*(запитувана держава)* |

| c | Назва і номер справи<br>Name of the case and any identifying number | № 910/14855/21 |
|---|---|---|
| 6 | Повне ім'я і адреси сторін та їхніх представників (включаючи представників у запитуваній Державі*) (пункт «b» статті 3)<br>Names and addresses of the parties and their representatives (including representatives in the requested State) (article 3.b) | |
| a | Позивач<br>Plaintiff | Товариство з обмеженою відповідальністю «Глобалмані»<br>Україна, 01103, місто Київ, бульвар Дружби Народів, будинок 28-В |
| | Представники<br>Representatives | — |
| b | Відповідач<br>Defendant | Товариство з обмеженою відповідальністю «Міжнародна комерційна телерадіокомпанія» (ICTV)<br>Україна, 01033, місто Київ, вулиця Паньківська, будинок 11 |
| | Представники<br>Representatives | — |
| c | Інші сторони<br>Other parties | Компанія Meta Platforms, Inc.<br>1601 Willow Road, Menlo Park, CA 94025,<br>United States of America |
| | Представники<br>Representatives | |
| 7 a | Суть справи (розлучення, батьківство, порушення зобов'язання, відповідальність виробника тощо) (пункт «с» статті 3)<br>Nature of the proceedings (article 3,c) | Захист особистого немайнового права на недоторканність ділової репутації та спростування недостовірної інформації |
| b | Короткий виклад позовних вимог<br>Summary of complaint | Визнати недостовірною та такою, що порушує особисте немайнове право на недоторканість ділової репутації Товариства з обмеженою відповідальністю «Глобалмані», інформацію, яка поширена Товариством з обмеженою відповідальністю «Міжнародна комерційна телерадіокомпанія» (ICTV) (код ЄДРПОУ 14323764) у мережі Інтернет та у соціальній мережі «Фейсбук» щодо використання електронних гаманців GlobalMoney для продажу наркотичних засобів; зобов'язати відповідача спростувати таку інформацію. |
| c | Короткий виклад заперечення на позов та зустрічного позову<br>Summary of defense and counterclaim | Відповідач заперечує належність йому веб-ресурсів (веб-сайти та сторінки у соціальній мережі «Фейсбук»), на яких розміщено спірну інформацію |
| d* | Інша інформація або документи<br>Other necessary information or documents | — |

| 8 a | Запитувані докази або інші процесуальні дії (пункт «d» статті 3)<br>Evidence to be obtained or other judicial act to be performed (article 3,d) | До предмету доказування у господарській справі №910/14855/21 входять питання щодо належності відповідачу фейсбук-сторінки «Надзвичайні Новини», що доступна за адресою у мережі Інтернет: https://www.facebook.com/nnovosti.info, на якій було розміщено інформацію, яку позивач просить визнати недостовірною та спростувати.<br>У зв'язку з цим необхідно витребувати у Компанії **Meta Platforms, Inc.  (адреса: 1601 Willow Road, Menlo Park, CA 94025, United States of America)** як власника соціальної мережі «Фейсбук» докази, а саме: інформацію про власника облікового запису зареєстрованої у соціальній мережі «Фейсбук» сторінки «Надзвичайні Новини» (https://www.facebook.com/nnovosti.info) (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації такої особи), як станом на 30.03.2021, так і станом на поточну дату. |
| b | Призначення запитуваних доказів або процесуальної дії<br>Purpose of the evidence or judicial ant sought | Для долучення до матеріалів справи №910/14855/21 |
| 9* | Повне ім'я і адреса будь-якої особи, яку слід опитати (пункт «e» статті 3)<br>Identity and address of any person to be examined (article 3.e) | — |
| 10* | Запитання, які слід поставити особам, або факти справи, щодо яких їх слід опитати (пункт «f» статті 3)<br>Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3.f) | —<br><br>*(або зазначити: «див. список, що додається»)* |
| 11* | Документи або інше майно, які слід дослідити (пункт «g» статті 3)<br>Documents or other property to be inspected (article 3.g) | — |
| 12* | Будь-які вимоги щодо особливої форми одержання свідчень (пункт «h» статті 3)<br>Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3.h) | — |
| 13* | Спеціальний спосіб або процедура, якої слід дотримуватися (як-то усний чи письмовий аудіозапис, дослівний запис або короткий виклад відповідей, перехресний допит тощо) (пункт «i» статті 3, стаття 9)<br>Special methods or procedure to be followed (articles 3.i and 9) | — |
| 14* | Прохання повідомити про час і місце виконання Запиту, повне ім'я і адреси осіб, яким це слід повідомити (стаття 7)<br>Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7) | — |
| 15* | Прохання про присутність або участь представників запитуючого органу при виконанні Запиту (стаття 8) | — |

| | | |
|---|---|---|
| 16* | Інформація про право або обов'язок відмовитися від надання свідчень чи доказів, передбачений законодавством України (пункт «b»статті 11)<br>Specification of privilege or duty to refuse to give evidence under the law of Ukraine (article 11.b) | —<br><br>*(слід додати копію відповідних норм закону)* |
| 17* | Витрати та інші кошти, які можуть бути відшкодовані відповідно до пункту 2 статті 14 або до статті 26 Конвенції, будуть сплачені особою/органом:<br>The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by: | —<br><br>*(дані про особу та адреса)* |
| | ДАТА ЗАПИТУ<br>DATE OF REQUEST | 22 червня 2022 року |
| | ПІДПИС І ПЕЧАТКА ЗАПИТУЮЧОГО ОРГАНУ<br>SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | Суддя Господарського суду міста Києва<br><br>Юлія СМИРНОВА |

* Пропустити, якщо не потрібно.

* <u>Закреслити</u>, якщо не потрібно. / Delete if inappropriate.



ГОСПОДАРСЬКИЙ СУД міста КИЄВА

01054, м.Київ, вул.Б.Хмельницького,44-В, тел. (044) 284-18-98, E-mail: inbox@ki.arbitr.gov.ua

УХВАЛА
м. Київ

**22.06.2022**                                                                                         **Справа № 910/14855/21**

| | |
|---|---|
| **За позовом** | Товариства з обмеженою відповідальністю «Глобалмані» |
| **до** | Товариства з обмеженою відповідальністю «Міжнародна комерційна телерадіокомпанія» (ICTV) |
| **про** | захист особистого немайнового права на недоторканність ділової репутації та спростування недостовірної інформації |

**Суддя Смирнова Ю.М.**

**Представники учасників справи:**
від позивача                  Лайтаренко О.В.
від відповідача              Андрусяк І.П.

### ОБСТАВИНИ СПРАВИ:

Товариство з обмеженою відповідальністю «Глобалмані» звернулось до Господарського суду міста Києва з позовом до Товариства з обмеженою відповідальністю «Міжнародна комерційна телерадіокомпанія» (ICTV), в якому просить суд:

- визнати недостовірною та такою, що порушує особисте немайнове право на недоторканість ділової репутації Товариства з обмеженою відповідальністю «Глобалмані» (код ЄДРПОУ 36425142), інформацію, яка поширена Товариством з обмеженою відповідальністю «Міжнародна комерційна телерадіокомпанія» (ICTV) (код ЄДРПОУ 14323764) у мережі Інтернет на вебсайті «Надзвичайні Новини» за посиланням: https://nnovosti.info/news/ponad_700_internet_resursiv_zhurnalisti_proveli_rozsliduvannja_ schodo_rozpovsjudzhennja_narkotikiv_video-59462.html та на сторінці «Надзвичайні Новини» у соціальній мережі «Фейсбук» за посиланням: https://www.facebook.com/watch/?v=786644622283921 у публікації (відеосюжеті) від 30.03.2021 під назвою «Понад 700 інтернет-ресурсів: журналісти провели розслідування щодо розповсюдження наркотиків (відео)»;

- зобов'язати Товариство з обмеженою відповідальністю «Міжнародна комерційна телерадіокомпанія» (ICTV) (код ЄДРПОУ 14323764) не пізніше наступного дня після набрання законної сили судовим рішенням у даній справі спростувати недостовірну інформацію про Товариство з обмеженою відповідальністю «Глобалмані» (код ЄДРПОУ 36425142), яка була поширена у мережі Інтернет у публікації (відеосюжеті) від 30.03.2021 під назвою «Понад 700 інтернет-ресурсів: журналісти провели розслідування щодо розповсюдження наркотиків (відео)», розміщеній на вебсайті «Надзвичайні Новини» за посиланням: https://nnovosti.info/news/ponad_700_internet_resursiv_zhurnalisti_proveli_ rozsliduvannja_schodo_rozpovsjudzhennja_narkotikiv_video-59462.html та на сторінці «Надзвичайні Новини» у соціальній мережі «Фейсбук» за посиланням: https://www.facebook.com/watch/?v=78664462228392, шляхом розміщення в мережі Інтернет, а саме: на головній сторінці веб-сайту «https://nnovosti.info» та на Facebook-сторінці за адресою: https://www.facebook.com/nnovosti.info/ повного тексту судового рішення у цій

справі, не допускаючи при цьому власних коментарів, із забезпеченням вільного доступу до спростування без вимоги внесення паролів та/або кодів доступу тощо, під заголовком: «Спростування як недостовірної інформації щодо ТОВ «Глобалмані» (GlobalMoney), висвітленої (поширеної) «Міжнародна комерційна телерадіокомпанія» (ICTV) на веб-сайті «https://nnovosti.info/» та на Facebook-сторінці за адресою: «https://www.facebook.com/nnovosti.info/ від 30.03.2021», який (заголовок) має бути виконаний таким же самим шрифтом, як назва вищевказаної публікації;

- зобов'язати Товариство з обмеженою відповідальністю «Міжнародна комерційна телерадіокомпанія» (ICTV) (код ЄДРПОУ 14323764) не пізніше наступного дня після набрання законної сили судовим рішенням у даній справі видалити публікацію (відеосюжет) від 30.03.2021 під назвою «Понад 700 інтернет-ресурсів: журналісти провели розслідування щодо розповсюдження наркотиків (відео)», розміщену у мережі Інтернет на вебсайті «Надзвичайні Новини» за посиланням: https://nnovosti.info/news/ponad_700_internet_resursiv_zhurnalisti_proveli_rozsliduvannja_schodo_rozpovsjudzhennja_narkotikiv_video-59462.html та на сторінці «Надзвичайні Новини» у соціальній мережі «Фейсбук» за посиланням: https://www.facebook.com/watch/?v=786644622283921.

Як стверджує позивач у позовній заяві, поширена відповідачем у спірній публікації (відеосюжеті) недостовірна інформація щодо позивача, яка викладена у стверджувальній формі (щодо використання електронних гаманців GlobalMoney для продажу наркотичних засобів), завдає шкоди діловій репутації позивача, оскільки викликає негативну оцінку у відвідувачів вебсайту редакції «Надзвичайні Новини» та відповідної сторінки у соціальній мережі «Фейсбук» про господарську діяльність позивача, створює у суспільства переконання у протиправності дій позивача та причетності останнього до злочинної діяльності, наслідком чого є зниження престижу позивача та формування у суспільства, діючих та потенційних клієнтів негативного ставлення до діяльності Товариства з обмеженою відповідальністю «Глобалмані» та його електронної платіжної системи GlobalMoney, що може негативно вплинути і на результати господарської діяльності Товариства з обмеженою відповідальністю «Глобалмані» та завдати позивачу значних збитків.

Ухвалою Господарського суду міста Києва від 17.09.2021 на підставі ст.174 Господарського процесуального кодексу України позовну заяву Товариства з обмеженою відповідальністю «Глобалмані» було залишено без руху.

Позивачем у строк, встановлений судом, усунуто недоліки позовної заяви.

Ухвалою Господарського суду міста Києва від 04.10.2021 відкрито провадження у справі №910/14855/21, справу вирішено розглядати за правилами загального позовного провадження, підготовче засідання у справі призначено на 03.11.2021.

20.10.2021 від відповідача надійшов відзив на позовну заяву, в якому відповідач проти задоволення позову заперечує.

У підготовчому засіданні 03.11.2021 оголошувалась перерва до 02.12.2021.

02.12.2021 позивачем подано відповідь на відзив.

У підготовчому засіданні 02.12.2021 судом постановлено протокольну ухвалу про продовження строку підготовчого провадження у справі на 30 днів та оголошено перерву у підготовчому засіданні до 12.01.2022.

28.12.2021 від відповідача надійшли заперечення на відповідь на відзив.

У підготовчому засіданні 12.01.2022 оголошувалася перерва до 23.02.2022.

У підготовчому засіданні 23.02.2022 представником позивача подано клопотання про витребування доказів.

У підготовчому засіданні 23.02.2022 оголошувалася перерва до 03.03.2022.

У зв'язку з військовою агресією російської федерації проти України та введенням в Україні воєнного стану судове засідання, призначене на 03.03.2022, не відбулося.

Ухвалою Господарського суду міста Києва від 26.04.2022 учасників справи повідомлено про призначення підготовчого засідання у справі на 22.06.2022.

У підготовчому засіданні 22.06.2022 представник позивача підтримав раніше подане клопотання про витребування доказів.

У вказаному клопотанні позивач просить:

1) Витребувати від Компанії PDR Ltd (Public Domain Registry) (адреса: 501, IT Building No 3, NESCO IT Park, NESCO Complex, Western Express Highway, Goregaon (East), Mumbai – 400063, Maharashtra, India):

- інформацію стосовно реєстранта (власника) доменного імені https://nnovosti.info (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації реєстранта) станом на 30.03.2021;

- інформацію стосовно реєстранта (власника) доменного імені https://nnovosti.info (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації реєстранта) станом на поточну дату;

- інформацію з приводу передачі реєстрантом (власником) права користування доменним іменем https://nnovosti.info іншій особі, із проведенням процедури переделегування доменного імені та внесення відповідного запису про це до реєстру домену (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації особи, якій передано право користування відповідним доменним іменем);

2) В рамках Конвенції про отримання за кордоном доказів у цивільних або комерційних справах від 18.03.1970 звернутися через Міністерство юстиції України до Центрального органу Індії, який уповноважений отримувати судові доручення, що надходять від судових органів інших договірних Держав із запитом про міжнародну правову допомогу (судовим дорученням) щодо отримання (витребування) від Компанії PDR Ltd (Public Domain Registry):

- інформації стосовно реєстранта (власника) доменного імені https://nnovosti.info (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації реєстранта) станом на 30.03.2021;

- інформації стосовно реєстранта (власника) доменного імені https://nnovosti.info (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації реєстранта) станом на поточну дату;

- інформації з приводу передачі реєстрантом (власником) права користування доменним іменем https://nnovosti.info іншій особі, із проведенням процедури переделегування доменного імені та внесення відповідного запису про це до реєстру домену (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації особи, якій передано право користування відповідним доменним іменем);

3) Витребувати від Компанії Hetzner Online GmbH (адреса: Industriestr. 25, 91710 Gunzenhausen, Germany) інформацію про отримувача послуг хостингу щодо розміщення програмного забезпечення веб-сайта https://nnovosti.info на спеціалізованому веб-сервісі та забезпечення доступу до нього з мережі Інтернет, та про власника облікового запису, який використовується для розміщення веб-сайту https://nnovosti.info в Інтернеті (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації такої особи), як станом на 30.03.2021, так і станом на поточну дату;

4) В рамках Конвенції про отримання за кордоном доказів у цивільних або комерційних справах від 18.03.1970 звернутися через Міністерство юстиції України до Центрального органу Німеччини (землі Баварії), який уповноважений отримувати судові доручення, що надходять від судових органів інших договірних Держав із запитом про міжнародну правову допомогу (судовим дорученням) щодо отримання (витребування) від Компанії Hetzner Online GmbH інформації про отримувача послуг хостингу щодо розміщення програмного забезпечення веб-сайта https://nnovosti.info на спеціалізованому веб-сервісі та забезпечення доступу до нього з мережі Інтернет, та про власника облікового запису, який використовується для розміщення веб-сайту https://nnovosti.info в Інтернеті (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації такої особи), як станом на 30.03.2021, так і станом на поточну дату;

5) Витребувати від Компанії Meta Platforms, Inc. (адреса: 1601 Willow Road, Menlo Park, CA 94025, United States of America) інформацію про власника облікового запису зареєстрованої у соціальній мережі «Фейсбук» сторінки «Надзвичайні Новини» (https://www.facebook.com/nnovosti.info) (із зазначенням повного ім'я або найменування,

повної адреси місця проживання або місцезнаходження, контактної інформації такої особи), як станом на 30.03.2021, так і станом на поточну дату;

6) В рамках Конвенції про отримання за кордоном доказів у цивільних або комерційних справах від 18.03.1970 звернутися через Міністерство юстиції України до Центрального органу Сполучених Штатів Америки, який уповноважений отримувати судові доручення, що надходять від судових органів інших договірних Держав із запитом про міжнародну правову допомогу (судовими дорученнями) щодо отримання (витребування) від Компанії Meta Platforms, Inc.    Інформації про власника облікового запису зареєстрованої у соціальній мережі «Фейсбук» сторінки «Надзвичайні Новини» (https://www.facebook.com/nnovosti.info) (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації такої особи), як станом на 30.03.2021, так і станом на поточну дату;

7) Зупинити провадження у справі до надходження до суду відповідей на запити про міжнародну правову допомогу (судові доручення).

При цьому, у клопотанні позивач просить визнати поважними причини неподання до суду (разом із позовною заявою) даного клопотання та поновити строк на його подання.

Відповідач проти заявленого позивачем клопотання заперечує.

Відповідно до ст. 81 Господарського процесуального кодексу України учасник справи у разі неможливості самостійно надати докази вправі подати клопотання про витребування доказів судом. Таке клопотання повинно бути подане в строк, зазначений в частинах другій    та    третій    статті 80 цього Кодексу. Якщо таке клопотання заявлено з пропуском встановленого строку, суд залишає його без задоволення, крім випадку, коли особа, яка його подає, обґрунтує неможливість його подання у встановлений строк з причин, що не залежали від неї.

Частиною 3 ст. 80 Господарського процесуального кодексу України встановлено, що відповідач, третя особа, яка не заявляє самостійних вимог щодо предмета спору, повинні подати суду докази разом з поданням відзиву або письмових пояснень третьої особи.

Відповідно до ч. 1 ст. 119 Господарського процесуального кодексу України суд за заявою учасника справи поновлює пропущений процесуальний строк, встановлений законом, якщо визнає причини його пропуску поважними, крім випадків, коли цим Кодексом встановлено неможливість такого поновлення.

Позивач зазначає, що у даному випадку поважними причинами неподання клопотання разом з поданням позовної заяви до суду є факт виникнення відповідних обставин (заперечень з боку відповідача щодо приналежності йому відповідних веб-ресурсів) вже після звернення позивача з даним позовом до суду (з огляду на сформульовану Товариством з обмеженою відповідальністю «Міжнародна комерційна телерадіокомпанія» (ICTV) у своєму відзиві позицію).

Враховуючи доводи позивача, наведені у клопотанні, суд визнає строк на подання клопотання про витребування доказів таким, що пропущений Товариством з обмеженою відповідальністю «Глобалмані» з поважних причин, а тому клопотання позивача про поновлення строку на подання клопотання про витребування доказів підлягає задоволенню.

В обґрунтування заявленого клопотання про витребування доказів позивач зазначає, що такі докази можуть підтвердити обставини щодо належності веб-сайту https://nnovosti.info та Фейсбук-сторінки «Надзвичайні Новини», що доступна за адресою у мережі Інтернет: https://www.facebook.com/nnovosti.info, саме відповідачу.

Зі змісту наявного у справі Звіту Дочірнього підприємства «Центр компетенції адресного простору мережі Інтернет» Консорціуму «Український центр підтримки номерів і адрес» від 06.09.2021 №342/2021-ЗВ за результатами проведеної фіксації і дослідження змісту веб-сторінки у мережі Інтернет, слідує, що реєстратором доменного імені https://nnovosti.info є PDR Ltd (Public Domain Registry), а надавачем послуг хостингу (хостинг-провайдером) веб-сайту https://nnovosti.info – Hetzner Online GmbH.

Крім того, як вказує позивач, власником соціальної мережі «Фейсбук», у відповідності до загальнодоступних відкритих даних, які містяться в мережі Інтернет, є Компанія Meta Platforms, Inc.

5

Позивач зазначає, що з метою належного захисту прав та законних інтересів позивача, адвокат АО «Правова та економічна безпека» Лайтаренко Олексій звернувся до вищевказаних компаній із адвокатськими запитами щодо надання інформації, зокрема, про реєстранта доменного імені https://nnovosti.info, отримувача послуг хостингу, а також про власника облікового запису зареєстрованої у соціальній мережі «Фейсбук» сторінки «Надзвичайні новини», проте відповідей на адвокатські запити не надходило.

У зв'язку з цим позивач вказує на наявність підстав для витребування відповідних доказів на підставі ст. 81 Господарського процесуального кодексу України.

Розглянувши клопотання позивача про витребування доказів, заслухавши пояснення представників сторін з цього приводу, суд дійшов висновку, що з огляду на предмет та підстави позовних вимог, клопотання позивача про витребування доказів є обгрунтованим, відповідає вимогам ст. 81 Господарського процесуального кодексу України, а тому підлягає задоволенню.

При цьому, суд зазначає, що Компанії PDR Ltd (Public Domain Registry), Hetzner Online GmbH та Meta Platforms є іноземними юридичними особами, з місцезнаходженням в Індії, Німеччині та Сполучених Штатах Америки відповідно.

Відповідно до ч.ч. 1, 2 ст. 367 Господарського процесуального кодексу України у разі якщо в процесі розгляду справи господарському суду необхідно вручити документи, отримати докази, провести окремі процесуальні дії на території іншої держави, господарський суд може звернутися з відповідним судовим дорученням до іноземного суду або іншого компетентного органу іноземної держави (далі – іноземний суд) у порядку, встановленому цим Кодексом або міжнародним договором, згода на обов'язковість якого надана Верховною Радою України.

Судове доручення надсилається у порядку, встановленому цим Кодексом або міжнародним договором, згода на обов'язковість якого надана Верховною Радою України, а якщо міжнародний договір не укладено – Міністерству юстиції України, яке надсилає доручення Міністерству закордонних справ України для передачі дипломатичними каналами.

Суд вважає за необхідне в даному випадку керуватися положеннями Конвенції про отримання за кордоном доказів у цивільних або комерційних справах 1970 року (далі – Конвенція), до якої приєдналися вказані держави.

Згідно з ч. 1 ст. 1 вказаної Конвенції у цивільних або комерційних справах судовий орган Договірної Держави може відповідно до положень законодавства цієї Держави шляхом надіслання судового доручення звернутися до компетентного органу другої Договірної Держави з проханням отримати докази або провести інші процесуальні дії.

Положеннями ст. 2 Конвенції визначено, що договірна Держава призначає Центральний Орган, який зобов'язується отримувати судові доручення, що надходять від судових органів іншої Договірної Держави, і передавати органу, компетентному їх виконати. Кожна Держава організовує Центральний Орган згідно із своїм правом. Доручення надсилаються Центральному Органу Держави виконання без посередництва будь-якого іншого органу цієї держави.

Статтею 3 Конвенції визначено, що в судовому дорученні зазначається: а)запитуючий орган і запитуваний орган, якщо останнє відомо запитуючому органу; b) імена та адреси сторін в процесі та їх представників, якщо такі є; с) характер справи, для якої потребуються докази, з наданням

всієї необхідної інформації в зв'язку з цим; d) докази, які мають бути отримані або інша процесуальна дія, яку потрібно провести. Там, де потрібно, в дорученні вказується inter alia: е) імена та адреси осіб, яких потрібно опитати; f) запитання, які потрібно поставити особам в ході опитування, або виклад фактів в зв'язку з якими вони мають бути опитані; g) документи або інше нерухоме чи особисте майно, що підлягають огляду; h) будь-які вимоги щодо отримання пояснень під присягою або урочистою заявою, або використання будь якої іншої форми; i) будь-який спеціальний спосіб чи процедура відповідно до статті 9. Доручення також повинно містити будь-яку інформацію, необхідну для застосування статті    11. Легалізація або інша подібна процедура не

вимагається.

Відповідно до ч. 1 ст. 4 Конвенції судове доручення складається мовою запитуваного органу або супроводжується перекладом на цю мову. Однак, Договірна Держава приймає доручення також англійською чи французькою мовою або з перекладом на одну з цих мов, якщо вона не зробила застереження на підставі статті 33.

З анкети Індії, розміщеної на офіційній сторінці Гаазької конференції з міжнародного приватного права в мережі Інтернет (https://www.hcch.net), зазначено, що уповноваженим органом Індії є The Ministry of Law and Justice.

При цьому, в анкеті цієї держави зазначено, що усі запити відповідно до Конвенції мають бути написані англійською мовою або супроводжуватися перекладом англійською мовою.

З анкети Німеччини, розміщеної на офіційній сторінці Гаазької конференції з міжнародного приватного права в мережі Інтернет (https://www.hcch.net), вбачається, що листи-запити направляються до центрального органу землі, в якому має бути виконано відповідне звернення.

Місто Гунценхаузен (Gunzenhausen), у якому розташована Компанія Hetzner Online GmbH, входить до складу земель Баварії, а тому компетентним органом в даному випадку є President of the Munich Higher Regional Court.

Також з анкети цієї держави зазначено, що листи-запити, які підлягають виконанню відповідно до глави I Конвенції повинні складатися німецькою мовою або супроводжуватися перекладом на цю мову.

З анкети Сполучених Штатів Америки, розміщеної на офіційній сторінці Гаазької конференції з міжнародного приватного права в мережі Інтернет (https://www.hcch.net), вбачається, що центральним органом цієї держави визначено Office of International Judicial Assistance U.S. Department of Justice.

Враховуючи викладене, суд дійшов висновку про наявність підстав для звернення до компетентних органів Індії, Німеччини та Сполучених Штатів Америки із судовими дорученнями про отримання доказів.

Відповідно до п. 4 ч. 1 ст. 228 Господарського процесуального кодексу України суд може за заявою учасника справи, а також з власної ініціативи зупинити провадження у справі у випадку звернення із судовим дорученням про надання правової допомоги або вручення виклику до суду чи інших документів до іноземного суду або іншого компетентного органу іноземної держави.

Згідно з п. 8 ч. 1 ст. 229 Господарського процесуального кодексу України провадження у справі зупиняється у випадку, встановленому пунктом 4 частини першої статті 228 цього Кодексу  - до надходження відповіді від іноземного суду або іншого компетентного органу іноземної держави на судове доручення про надання правової допомоги, вручення виклику до суду чи інших документів.

Враховуючи направлення судом судових доручень до компетентних органів іноземних держав, суд вважає за необхідне зупинити провадження у справі №910/14855/21 до надходження відповідей на відповідні судові доручення.

Керуючись ст.ст. 81, 119, 228, 229, 234, 367 Господарського процесуального кодексу України, суд

## У Х В А Л И В:

1. Поновити позивачу строк на подання клопотання про витребування доказів у справі №910/14855/21.

2. Клопотання позивача про витребування доказів задовольнити.

3. **Витребувати у Компанії PDR Ltd (Public Domain Registry)** (адреса: 501, IT Building No 3, NESCO IT Park, NESCO Complex, Western Express Highway, Goregaon (East), Mumbai – 400063, Maharashtra, India):

- інформацію стосовно реєстранта (власника) доменного імені https://npovosti.info (із зазначенням повного ім'я або найменування, повної адреси, місця проживання або місцезнаходження, контактної інформації реєстранта) станом на 30.03.2021;

- інформацію стосовно реєстранта (власника) доменного імені https://nnovosti.info (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації реєстранта) станом на поточну дату;

- інформацію з приводу передачі реєстрантом (власником) права користування доменним іменем https://nnovosti.info іншій особі, із проведенням процедури переделегування доменного імені та внесення відповідного запису про це до реєстру домену (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації особи, якій передано право користування відповідним доменним іменем).

4. Для виконання п. 3 даної ухвали звернутися із судовим дорученням про отримання доказів до уповноваженого органу Індії – The Ministry of Law.

5. **Витребувати у Компанії Hetzner Online GmbH** (адреса: Industriestr. 25, 91710 Gunzenhausen, Germany): інформацію про отримувача послуг хостингу щодо розміщення програмного забезпечення веб-сайта https://nnovosti.info на спеціалізованому веб-сервісі та забезпечення доступу до нього з мережі Інтернет, та про власника облікового запису, який використовується для розміщення веб-сайту https://nnovosti.info в Інтернеті (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації такої особи), як станом на 30.03.2021, так і станом на поточну дату.

6. Для виконання п. 5 даної ухвали звернутися із судовим дорученням про отримання доказів до уповноваженого органу Німеччини – President of the Munich Higher Regional Court.

7. **Витребувати у Компанії Meta Platforms, Inc.** (адреса: 1601 Willow Road, Menlo Park, CA 94025, United States of America): інформацію про власника облікового запису зареєстрованої у соціальній мережі «Фейсбук» сторінки «Надзвичайні Новини» (https://www.facebook.com/nnovosti.info) (із зазначенням повного ім'я або найменування, повної адреси місця проживання або місцезнаходження, контактної інформації такої особи), як станом на 30.03.2021, так і станом на поточну дату.

8. Для виконання п. 7 даної ухвали звернутися із судовим дорученням про отримання доказів до уповноваженого органу Сполучених Штатів Америки – Office of International Judicial Assistance U.S. Department of Justice.

9. **Зобов'язати позивача надати суду нотаріально засвідчений переклад на англійську мову таких документів:**

- ухвали Господарського суду міста Києва від 22.06.2022 у справі №910/14855/21 (у трьох примірниках);

- запиту про міжнародну правову допомогу до уповноваженого органу Індії – The Ministry of Law (у двох примірниках);

- запиту про міжнародну правову допомогу до органу Сполучених Штатів Америки – Office of International Judicial Assistance U.S. Department of Justice (у двох примірниках).

10. **Зобов'язати позивача надати суду нотаріально засвідчений переклад на німецьку мову таких документів:**

- ухвали Господарського суду міста Києва від 22.06.2022 у справі №910/14855/21 (у двох примірниках);

- запиту про міжнародну правову допомогу до уповноваженого органу Німеччини – President of the Munich Higher Regional Court (у двох примірниках).

11. Зупинити провадження у справі №910/14855/21 до надходження відповіді від компетентних органів іноземних держав на судові доручення.

12. Ухвала набирає законної сили негайно після її оголошення та відповідно до ст.ст.256, 257 Господарського процесуального кодексу України може бути оскаржена до Північного апеляційного господарського суду шляхом подання апеляційної скарги безпосередньо до суду апеляційної інстанції протягом десяти днів з дня її проголошення

Суддя                                                                   Ю.М. Смирнова

# **<u>Exhibit 2</u>**

 

English (US)

← **Back to Law Enforcement**



Safety Center



---

**Table of Contents**                                                        ⊕

# U.S. legal process requirements

Meta Platforms, Inc. discloses account records solely in accordance with our terms of service and applicable law, including the federal Stored Communications Act ("SCA"), 18 U.S.C. Sections 2701-2712. Under U.S. law:

- A valid subpoena issued in connection with an official criminal investigation is required to compel the disclosure of basic subscriber records (defined in 18 U.S.C. Section 2703(c)(2)), which may include: name, length of service, credit card information, email address(es), and a recent login/logout IP address(es), if available.
- A court order issued under 18 U.S.C. Section 2703(d) is required to compel the disclosure of certain records or other information pertaining to the account, not including contents of communications, which may include message headers and IP addresses, in addition to the basic subscriber records identified above.
- A search warrant issued under the procedures described in the Federal Rules of Criminal Procedure or equivalent state warrant procedures upon a showing of probable cause is required to compel the disclosure of the stored contents of any account, which may include messages, photos, videos, timeline posts, and location information.
- We interpret the national security letter provision as applied to Meta to require the production of only 2 categories of information: name and length of service.

# International legal process requirements

We disclose account records solely in accordance with our terms of service and applicable law. A Mutual Legal Assistance Treaty request or letter rogatory may be required to compel the disclosure of the contents of an account. Further information can be found here.

## Further detail on the European Region legal process requirements

Meta Platforms Ireland Limited discloses account records for the European Region users solely in accordance with our Terms of Service and applicable law.

For more information about when we respond to legal requests and the legal basis for processing these requests, please see our Privacy Policy.



Privacy Policy                                                                  ↗

# Authenticity policy

People on Facebook are required to use the name they go by in everyday life on their account's main profile, and must not maintain multiple accounts. Operating fake accounts, pretending to be someone else, or otherwise misrepresenting your authentic identity is not allowed, and we will act on violating accounts. Please see our Account Integrity and Authentic Identity policies here.

# Account preservation

We will take steps to preserve account records in connection with official criminal investigations for 90 days pending our receipt of formal legal process. You may expeditiously submit formal preservation requests through the Law Enforcement Online Request System, or mail as indicated below.

# Emergency requests

In responding to a matter involving imminent harm to a child or risk of death or serious physical injury to any person and requiring disclosure of information without delay, a law enforcement official may submit a request through the Law Enforcement Online Request System. Note: We will not review or respond to requests submitted by non-law enforcement officials. Users aware of an emergency situation should immediately and directly contact local law enforcement officials.

# Child safety matters

We report all apparent instances of child exploitation appearing on our site from anywhere in the world to the National Center for Missing and Exploited Children (NCMEC), including content drawn to our attention by government requests. NCMEC coordinates with law enforcement authorities from around the world. If a request relates to a child exploitation or safety matter, please specify those circumstances (and include relevant NCMEC report identifiers) in the request to ensure that we are able to address these matters expeditiously and effectively.

# Data retention and availability

We will search for and disclose data that is specified with particularity in an appropriate form of legal process and which we are reasonably able to locate and retrieve. We do not retain data for law enforcement purposes unless we receive a valid preservation request before a user has deleted that content from our service.

Details about data and account deletion can be found in our Data Policy, Terms of Service and Help Center.

# Form of requests

We will be unable to process overly broad or vague requests. All requests must identify requested records with particularity, including the specific data categories requested and date limitations for the request, as well as include:

- The name of the issuing authority and agent, email address from a law-enforcement domain, and direct contact phone number.
- The email address, phone number (+XXXXXXXXXX), user ID number (http://www.facebook.com/profile.php?id=1000000XXXXXXXX) or username (http://www.facebook.com/username) of the Facebook profile.

# User consent

If a law enforcement official is seeking information about a Meta user who has provided consent for the official to access or obtain the user's account information, the user should be directed to obtain that information on their own from their account. For account content, such as messages, photos, videos and timeline posts, users can access Facebook's "Download Your Information" and Instagram's "Download Your Information." Users can also view recent IP addresses in their account settings under "Security Settings" > "Where You're Logged In". Users do not have access to historical IP information without legal process.

# Notification

Our policy is to notify people who use our service of requests for their information prior to disclosure unless we are prohibited by law from doing so or in exceptional circumstances, such as child exploitation cases, emergencies or when notice would be counterproductive. We will also provide delayed notice upon expiration of a specific non-disclosure period in a court order and where we have a good faith belief that exceptional circumstances no longer exist and we are not otherwise prohibited by law from doing so. Law enforcement officials who believe that notification would jeopardize an investigation should obtain an appropriate court order or other appropriate process establishing that notice is prohibited. If your data request draws attention to an ongoing violation of our terms of use, we will take action to prevent further abuse, including actions that may notify the user that we are aware of their misconduct.

# Testimony

Meta does not provide expert testimony support. In addition, Meta records are self-authenticating pursuant to law and should not require the testimony of a records custodian. If a special form of certification is required, please attach it to your records request.

# Cost reimbursement

We may seek reimbursement for costs in responding to requests for information as provided by law. These fees apply on a per account basis. We may also charge additional fees for costs incurred in responding to unusual or burdensome requests.

We may waive these fees in matters investigating potential harm to children, Facebook, Instagram and our users, and emergency requests.

# Human rights due diligence

In line with our commitments as a member of the Global Network Initiative and our Corporate Human Rights Policy, we also conduct a careful review of each law enforcement request to disclose user data for consistency with international human rights standards.

# Victim and survivor support

We know law enforcement often works with victims or other members of the community that need support navigating social media and understanding how to stay safe online. Here is a list of resources that can help you offer support to them.



Support resources



# Submission of requests

## Online

Law enforcement officials may use the Law Enforcement Online Request System for the submission, tracking and processing of requests. A government-issued email address is required to access the Law Enforcement Online Request System.

Please note:

For U.S. Law Enforcement:
Please address your legal requests for Facebook or Instagram user data to:
Meta Platforms, Inc.
1601 Willow Road,
Menlo Park, CA 94025.

*For Law Enforcement outside of the U.S.:*
Please note that for users of the Facebook and Instagram services in the European region, the

service provider and data controller is Meta Platforms Ireland Ltd. If your request is for Meta
Platforms Ireland Ltd., it must be addressed to:

Meta Platforms Ireland Ltd.

4 Grand Canal Square

Dublin 2, Ireland.

For Facebook and Instagram users in countries outside of the European region, the service
provider is Meta Platforms, Inc., please ensure that any requests for Instagram or Facebook user
data are correctly addressed to:

Meta Platforms, Inc.

1601 Willow Road,

Menlo Park, CA 94025.

## Mail

Law enforcement officials who do not submit requests through the Law Enforcement Online
Request System should expect longer response times.

## Notes

- Acceptance of legal process by any of these means is for convenience and does not waive
  any objections, including lack of jurisdiction or proper service.

- We will not respond to correspondence sent by non-law enforcement officials to the
  addresses above.



Follow Us

    

Law Enforcement | Meta

## Topics                                                                              ⌄

## Communities                                                                         ⌄

## Resources                                                                           ⌄

Community Standards    |    Privacy Policy

Terms    |    Cookie Policy

Language English (US)   ⌄

# **<u>Exhibit 3</u>**

**Jeu, Christopher (USACAN)**

| | |
|---|---|
| **From:** | Pyle, Michael T. (USACAN) |
| **Sent:** | Tuesday, March 28, 2023 7:15 PM |
| **To:** | Tyler, John R. (Randy) (SEA); Chopra, Nyssa P. (SEA) |
| **Cc:** | Jeu, Christopher (USACAN) |
| **Subject:** | Meta -- Request for International Assistance |
| **Attachments:** | 2023-03 -- Globalmoney - Proposed Order Meta v1.6.docx |

Dear Randy and Nyssa,

I hope you are well.  I am writing on behalf of my colleague in my office, Christopher Jeu, as he has a matter like mine.  I have advised him about the conditions included in my cover letter and the fact that Meta would require a subpoena.

On behalf of the United States, Christopher plans to file an Application for Order Pursuant to 28 U.S.C. § 1782.  The Application will be filed on behalf of the Commercial Court of Kyiv City, for use in civil litigation (Globalmoney LLC v. International Commercial Television) in Ukraine.   The Application will seek an order directing Meta Platforms to disclose the following:  Information on the account owner of the page, "Nadzvychaini Novyny" registered on Facebook (https://www.facebook.com/nnovosti.info) (indicating the full name, full residential address or location, contact information of such person), as of March 30, 2021 and as of the current date.

Chris plans to file the Application and papers a week from Wednesday.  Attached is Chris's proposed order that includes the conditions included in my cover letter, with tentative language that Meta agrees with those conditions.  Chris would take out the language about Meta agreeing with the conditions if he does not hear back from you.

Please let Christopher know if you have any comments.

Thank you,

Michael Pyle

Michael Pyle
Assistant United States Attorney
Northern District of California

████████████████████████
███████████████

**From:** Pyle, Michael T. (USACAN)
**Sent:** Wednesday, March 15, 2023 11:44 AM
**To:** Tyler, John R. (Randy) (SEA) ██████████████████ Chopra, Nyssa P. (SEA) ████████████
**Subject:** RE: Meta - Request for International Judicial Assistance, South Korea

Hi Randy,

Thank you very much.  Here is the cover letter, subpoena, and attachment to the subpoena.  Please reach out to me if Meta needs more time or if there are any other issues to discuss.

Thank you,

Michael

Michael Pyle
Assistant United States Attorney
Northern District of California

███████████████
█████████ █████
█████████████

---

**From:** Tyler, John R. (Randy) (SEA) ███████████████
**Sent:** Monday, March 13, 2023 9:07 PM
**To:** Pyle, Michael T. (USACAN) ██████████████; Chopra, Nyssa P. (SEA) ████████████████
**Subject:** [EXTERNAL] RE: Meta - Request for International Judicial Assistance, South Korea

Hi Michael,

Thank you for your email below. Yes, you may serve the subpoena on us via email. Without waiving any potential objections, the conditions noted in the proposed order are acceptable to Meta in this case and we appreciate your offer to include them in the cover letter accompanying the subpoena.

Thanks,

Randy

**Randy Tyler** | **Perkins Coie LLP**
PARTNER
███████████████
████████████
████████████

---

**From:** Tyler, John R. (Randy) (SEA)
**Sent:** Wednesday, March 08, 2023 9:04 AM
**To:** Pyle, Michael T. (USACAN) ██████████████; Chopra, Nyssa P. (SEA) █████████████████████
**Subject:** RE: Meta - Request for International Judicial Assistance, South Korea

Thank you, Michael, we will review and follow up.

**Randy Tyler** | **Perkins Coie LLP**
███████████████
████████████
████████████

---

**From:** Pyle, Michael T. (USACAN) █████████████
**Sent:** Wednesday, March 08, 2023 8:51 AM
**To:** Chopra, Nyssa P. (SEA) ████████████
**Cc:** Tyler, John R. (Randy) (SEA) ███████████
**Subject:** RE: Meta - Request for International Judicial Assistance, South Korea

Dear Counsel,

Yesterday evening the Court granted the attached application of the United States.  I plan to serve the subpoena next week.  Please let me know if I should serve the subpoena on Meta by mail or whether you are authorized to accept service by e-mail.  Also, please let me know it the conditions I included in the draft proposed order I sent you yesterday are acceptable, as I can include a cover letter indicating the agreement of the United States with those conditions.  We would like to avoid any unnecessary litigation about the requested information.

Thank you,

Michael

Michael Pyle
Assistant United States Attorney
Northern District of California



---

**From:** Pyle, Michael T. (USACAN)
**Sent:** Tuesday, March 7, 2023 9:31 AM
**To:** Chopra, Nyssa P. (SEA) ███████████████
**Cc:** Tyler, John R. (Randy) (SEA) ████████████████>
**Subject:** RE: Meta - Request for International Judicial Assistance, South Korea

Dear Counsel,

Thank you for your letter.  Meta's conditions on the subpoena are acceptable, and I have drafted a revised proposed order to submit to the judge.  Please let me know if this draft proposed order is acceptable, and I would be happy to consider any edits you might propose.  If we can agree on a proposed order, I would e-mail it to the judge's order inbox copying you and advising that the proposed order is acceptable to Meta.

Thank you,

Michael

Michael Pyle
Assistant United States Attorney
Northern District of California

---

**From:** Chopra, Nyssa P. (SEA) <██████████████████
**Sent:** Thursday, March 2, 2023 10:40 AM
**To:** Pyle, Michael T. (USACAN) ███████████████
**Cc:** Tyler, John R. (Randy) (SEA) ████████████████
**Subject:** [EXTERNAL] Meta - Request for International Judicial Assistance, South Korea

Dear AUSA Pyle:

I hope this email finds you well.

We represent Meta Platforms, Inc. (formerly known as Facebook, Inc.). Please see the attached letter responding to the Application for Order Pursuant to 28 U.S.C. § 1782 related to a civil case in South Korea.

Please let us know if you have any questions.

Best,
Nyssa

**Nyssa P. Chopra | Perkins Coie LLP**
ATTORNEY | PRIVACY AND DATA SECURITY
Pronouns: she/her/hers





NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# **<u>Exhibit 4</u>**

4/6/23, 10:57 AM                                     Search | California Secretary of State



## Business Search

The California Business Search provides access to available information for **corporations**, **limited liability companies** and **limited partnerships** of record with the California Secretary of State, with **free PDF copies** of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.

Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.

**Basic Search**

- A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, **remove "C"** from the entity number. Note, **a basic search** will search **only ACTIVE entities** (Corporations, Limited Liability Companies, Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated Common Interest Developments, and Out of State Associations). The basic search performs a contains ? keyword? search. The Advanced search allows for a ?starts with? filter. To search entities that have a status other than active or to refine search criteria, use the **Advanced** search feature.

### META PLATFORMS, INC. (2711108)    ✕

Request Certificate

| | |
|---|---|
| Initial Filing Date | 12/15/2004 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | DELAWARE |
| Entity Type | Stock Corporation - Out of State - Stock |
| Principal Address | 1601 WILLOW ROAD MENLO PARK, CA 94025 |
| Mailing Address | 1601 WILLOW ROAD MENLO PARK,CA94025 |
| Statement of Info Due Date | 12/31/2023 |
| Agent | 1505 Corporation CSC - LAWYERS INCORPORATING SERVICE |
| CA Registered Corporate (1505) Agent Authorized Employee(s) | BECKY DEGEORGE 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | KOY SAECHAO 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | LAI SAEVANG 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | NICOLE STAUSS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | JENN BAUTISTA 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | TRUDY DESBIENS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | REBECCA VANG 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |

Skip to main content    State



## California
### Secretary of State

Business      UCC

🏠 Home

🔍 Search

📋 Forms

❓ Help

An Advanced search is required when searching for publicly traded disclosure information or a status other than active.

- An Advanced search allows for searching by specific entity types (e.g., Nonprofit Mutual Benefit Corporation) or by entity groups (e.g., All Corporations) as well as searching by ?begins with? specific search criteria.

**Disclaimer:** Search results are limited to the 500 entities closest matching the entered search criteria. If your desired search result is not found within the 500 entities provided, please refine the search criteria using the Advanced search function for additional results/entities. The California Business Search is updated as documents are approved. The data provided is not a complete or certified record.

Although every attempt has been made to ensure that the information contained in the database is accurate, the Secretary of State's office is not responsible for any loss, consequence, or damage resulting directly or indirectly from reliance on the accuracy, reliability, or timeliness of the information that is provided. All such information is provided "as is." To order certified copies or certificates of status, (1) locate an entity using the search; (2)select Request Certificate in the right-hand detail drawer; and (3) complete your request online.

meta platforms, 🔍

Advanced ⌄

Results: 3

| Entity Information | Initial Filing Date | Status |
|---|---|---|
| META PLATFORMS, INC. (2711108) › | 12/15/2004 | Active |

Stock Corporation - Out of State - Stock

DELAWARE

CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS

**META PLATFORMS, INC. (2711108)** ✕

Request Certificate

| | |
|---|---|
| Initial Filing Date | 12/15/2004 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | DELAWARE |
| Entity Type | Stock Corporation - Out of State - Stock |
| Principal Address | 1601 WILLOW ROAD MENLO PARK, CA 94025 |
| Mailing Address | 1601 WILLOW ROAD MENLO PARK,CA94025 |
| Statement of Info Due Date | 12/31/2023 |
| Agent | 1505 Corporation CSC - LAWYERS INCORPORATING SERVICE |
| CA Registered Corporate (1505) Agent Authorized Employee(s) | BECKY DEGEORGE 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | KOY SAECHAO 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | LAI SAEVANG 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | NICOLE STAUSS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | JENN BAUTISTA 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | TRUDY DESBIENS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | REBECCA VANG 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |

Skip to main content



**California** Secretary of State

Business    UCC

Home

Search

Forms

Help

| METAWORKS PLATFORMS, INC. (5499290) | › | 02/08/2023 | Active |
| THF Metaverse Platforms Inc (5006191) | › | 04/08/2022 | Active |

## META PLATFORMS, INC. (2711108)    ✕

Request Certificate

| | |
|---|---|
| Initial Filing Date | 12/15/2004 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | DELAWARE |
| Entity Type | Stock Corporation - Out of State - Stock |
| Principal Address | 1601 WILLOW ROAD MENLO PARK, CA 94025 |
| Mailing Address | 1601 WILLOW ROAD MENLO PARK, CA94025 |
| Statement of Info Due Date | 12/31/2023 |
| Agent | 1505 Corporation CSC - LAWYERS INCORPORATING SERVICE |
| CA Registered Corporate (1505) Agent Authorized Employee(s) | BECKY DEGEORGE 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | KOY SAECHAO 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | LAI SAEVANG 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | NICOLE STAUSS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | JENN BAUTISTA 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | TRUDY DESBIENS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |
| | REBECCA VANG 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |

© 2023 CA Secretary of State

# **<u>Exhibit 5</u>**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
_Northern District of California

Globalmoney LLC v. International Commerial
Television, LLC, et al.,

_____
*Plaintiff*

v.

REQUEST FROM UKRAINE COURT FOR
DOCUMENTS FROM META PLATFORMS, INC.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Meta Platforms Inc.

_____

*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Letter of Request.

| Place: Christopher F. Jeu, U.S. Attorney's Office, 150 Almaden Blvd., #900, San Jose, CA 95113 | Date and Time: |
|---|---|
|  |  |

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States of America
_____ , who issues or requests this subpoena, are:

Christopher Jeu, USAO, 150 Almaden Boulevard, Suite, 900, San Jose, CA, 95113. Tel. (408) 535-5082; Email:  christopher.jeu@usdoj.gov

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).