UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Request for Judicial Assistance from The Commercial Court of Kyiv, City, Ukraine, In the Matter of GlobalMoney LLC v. International Commercial Television LLC. | Case No. 23-mc-80107-AMO<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO AUTHORIZE FOREIGN DISCOVERY**<br><br>Re: Dkt. No. 1 |

## I. INTRODUCTION

The Unites States, on behalf of the Commercial Court of Kyiv City, Ukraine ("the Ukrainian Court"), filed an *ex parte* application pursuant to 23 U.S.C § 1782 for the purpose of issuing a subpoena to Meta Platforms Inc. ("Meta") to obtain limited discovery in connection with a civil action before the Ukrainian Court. (ECF 1-2 at 2.[1]) Meta has responded to the application ("Response"). (ECF 8.) For the reasons set forth below, the Court **GRANTS** the application.

## II. BACKGROUND

On December 19, 2022, the Ukrainian Court issued a letter of request under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters seeking evidence for a civil action pending before the Ukrainian Court, captioned *Globalmoney LLC v. International Commercial Television LLC*. No. 910/14855/21 ("the Globalmoney Matter"). (ECF 1-4 Ex. 1 at 3.) The evidence sought concerns a video posted on a Facebook page 'Nadzvychaini Novyny.' The video contains statements that digital wallets connected to Globalmoney are used to sell narcotics. *Id.* at 7. Globalmoney claims that the Facebook video is false and injures its

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF generated page numbers at the top of the documents.

1  business reputation.  (ECF 1-4 at 3.)  The Ukrainian Court defendant refutes ownership of the
2  Facebook account at issue.  *Id*.
3       In an effort to resolve the factual dispute, the Ukrainian Court seeks judicial assistance to
4  serve Meta with a subpoena to determine the rightful ownership of the 'Nadzvychaini Novyny'
5  Facebook page.  *Id*. 3-4.  The subpoena asks for information that identifies the account holder,
6  including the account holder's "full name, full residential or location address, [and] contact
7  information."  *Id*. at 4.
8       On May 5, 2023, Meta filed its Response, taking no position on the issuance of the
9  subpoena, and reserving all rights and objections should the Court issue a subpoena.  (ECF 8 at 2.)
10  Meta also requests that this Court permit it to notify the account holder(s) of the subpoena and this
11  Order within 10 calendar days of service of the subpoena, and that Meta and/or the account
12  holder(s) have 21 days from the date of such notice to file a motion to quash the subpoena.  *Id*. at
13  3.

## III. LEGAL STANDARD

Section 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  Section 1782 permits U.S. district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.' "  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

"[A] district court is not required to grant a Section 1782(a) discovery application simply

2

1  because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241,
2  264 (2004).  Instead, a district court has discretion to authorize the requested discovery under
3  Section 1782.  *Id.*  To determine if it should exercise its discretion, a district court considers: (1)
4  whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2)
5  "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the
6  receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial
7  assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering
8  restrictions or other policies of a foreign country or the United States"; and (4) whether the request
9  is "unduly intrusive or burdensome."  *See In re Request for Judicial Assistance from the Seoul*
10 *Central District Court in Seoul, Republic of South Korea*, No. 23-mc-80016-BLF, 2023 WL
11 2394545, at *3 (N.D. Cal. Mar. 7, 2023) (quoting *Intel*, 542 U.S. at 264-65).  In exercising its
12 discretion, the district court should consider Section 1782's aims of "providing efficient assistance
13 to participants in international litigation and encouraging foreign countries by example to provide
14 similar assistance to our courts."  *Id.* at 252.

15 **IV. DISCUSSION**

16     The Court first considers whether the instant application satisfies the threshold statutory
17 requirements.  Section 1782(a) first requires that the person from whom discovery is sought
18 'resides or is found' in the district court where the application is made.  28 U.S.C. § 1782(a).
19 Here, Meta's offices are headquartered in Menlo Park, California, which is found in the Northern
20 District of California.  (ECF 1-4 at 41-43.)  Thus, the first requirement of Section 1782(a) is
21 satisfied.  *See In re Seoul*, 2023 WL 2394545, at *3 (concluding that Meta is in the district because
22 it is headquartered in Menlo Park, California).

23     The statute also requires that the sought discovery "be for use in a proceeding before a
24 foreign tribunal."  *In re ex parte Application of Tatsuhito Kurokawa*, 23-mc-80025-BLF, 2023
25 WL 2396324, at *1 (N.D. Cal. Mar. 7, 2023).  Here, the Ukrainian Court seeks discovery to
26 adjudicate the Globalmoney Matter.  (ECF 1-4 at 3.)  Thus, the second statutory factor is met
27 because the Ukrainian Court, a foreign tribunal, seeks judicial assistance for discovery in
28 connection with the pending Globalmoney Matter.  *See In re Judicial Assistance from Obolonskyi*

3

*District Court in Kyiv Ukraine*, No. 20-mc-80023-JSC, 2020 WL 571032, at *2 (N.D. Cal. Feb. 5, 2020) (finding that the second statutory factor is met because the sought discovery is in connection with pending action in Ukraine).

Section 1782 finally requires that discovery requests be made by a foreign tribunal or interested party. 28 U.S.C. § 1782(a). This factor is met because the discovery request is made by the Ukrainian Court. (ECF 1-4 at 3.) *See In re Obolonskyi*, 2020 WL 571032, at *2 (finding that the third statutory requirement was met because the discovery application was made on behalf of the Ukrainian Court, a foreign tribunal).

Because the application meets all of the Section 1782 requirements, the Court next considers the *Intel* factors to determine whether it should exercise its discretion to order the discovery. *Intel*, 542 U.S. at 264-65.

The first *Intel* factor is satisfied if the respondent is not a participant in the foreign action. *Id*. at 264. Here, the first *Intel* factor weighs in favor of granting the application because Meta is not a participant in the proceedings before the Ukrainian Court. (ECF 8 at 2.) *See In re Seoul*, 2023 WL 2394545, at *4 (finding that the first *Intel* factor weighed in favor of granting the Section 1782 application because Meta was not a participant in the civil proceeding in the Republic of Korea).

The second *Intel* factor focuses on whether, "the foreign tribunal is willing to consider the information sought." *Siemen A.G. v. W. Digital Corp.*, No. 8:13-cv-01407-CAS (AJWx), 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013). Here, the Ukrainian Court itself seeks the requested discovery to help it determine if the defendant in the Globalmoney Matter is the owner of the Facebook account that allegedly posted false information about plaintiff's business. (ECF 1-4 at 3.) *See In re Obolonskyi*, 2020 WL 571032, at *3 (finding that the second *Intel* factor is met because the Ukrainian tribunal requested assistance in obtaining the discovery). Because the Ukrainian Court requests the information, it is clear that it is willing to consider the information in the Globalmoney Matter, and this factor weighs in favor of the Court exercising its discretion.

Next, the Court examines whether judicial assistance is sought to circumvent a foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. Absent any suggestion that an

applicant is seeking to side-step any foreign jurisdiction's proof-gathering limits, this factor will also weigh in favor of discovery. *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014). Here, the fact that the request comes from the Ukrainian Court itself, rather than a private litigant, provides more than sufficient assurance that the request is not initiated to circumvent Ukrainian discovery rules or Ukrainian policy. *See In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 529 (E.D. Va. 2010). Thus, this factor also weighs in favor of the Court exercising its discretion.

Pursuant to the last *Intel* factor, the Court considers the scope of the Ukrainian Court's proposed discovery. Here, the Ukrainian Court seeks from Meta "[the account holder's] full name, full residential or location address, [and] contact information" to help it identify the owner of the 'Nadzvychaini Novyny' page registered in the Facebook social network (http://www.facebook.com/nnovosti.info). (ECF 1-4 at 3-4.) Because the sought discovery is narrowly tailored to the Ukrainian Court's objective, and is neither unduly burdensome or intrusive, this final factor weighs in favor of granting the application. *See In re Kurokawa*, 2023 WL 2396324, at *3.

In its Response, Meta requests that it or the account holder(s) of the 'Nadzvychaini Novyny' Facebook account be allowed to challenge the subpoena with a motion to quash, should the Court grant the instant application. (ECF 8 at 2-3.) Because Section 1782 instructs that the Federal Rules of Civil Procedure apply to the discovery, there is no question that Meta or the owner may employ the procedures under the rules to challenge any subpoena the Court allows for the discovery sought by the Ukrainian Court. 28 U.S.C. § 1782(a); *see also, In re Application of Illumina Cambridge LTD.*, No. 19-mc080215-WHO (TSH), 2019 WL 5811467, *5 (N.D. Cal. Nov. 7, 2019).

## CONCLUSION

Having found that the application meets the statutory requirements, and that the *Intel* factors weigh in favor of exercising judicial discretion, the Court **GRANTS**:

(i) the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a);

(ii) the appointment of Assistant United States Attorney Christopher F. Jeu for the

purpose of issuing the subpoena for the authorized discovery; and

(iii) Meta's and/or the account holder(s) **21 days** from service of the subpoena to challenge the subpoena.

Further, Meta is **ORDERED** to notify the account holder(s) of the subpoena within 7 days of service.

Finally, Meta is **ORDERED** to respond to the U.S. Attorney's Office for the Northern District of California subpoena within 45 days of service.

**IT IS SO ORDERED.**

Dated: June 26, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**